# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. 1:05-cr-458-1 |
| | § | |
| **CONRADO CANTU** | § | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR RELIEF BASED ON THE ELDERLY AND FAMILY REUNIFICATION FOR CERTAIN NONVIOLENT OFFENDERS PILOT PROGRAM AS AMENDED BY THE FIRST STEP ACT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through its United States Attorney for the Southern District of Texas, and the undersigned Assistant U.S. Attorney, and respectfully responds to the Defendant's Request for Relief Based on the Elderly and Family Reunification for Certain Nonviolent Offenders Pilot Program as Amended by the First Step Act.

## I.    Procedural History

On March 29, 2019, the Defendant filed a motion under 18 U.S.C. 3582(c)(1)(A) requesting relief based on the Elderly and Family Reunification for Certain Nonviolent Offenders Pilot Program, as amended by the First Step Act (FSA). (Dkt. No. 314). Specifically, although he characterized in his motion that he was seeking a Reduction in Sentence (RIS), a document attached to the Defendant's Motion indicated that he actually appeared to be seeking placement into the Elderly Home Confinement Program.  (Dkt. No. 314 at Page 2).

On April 11, 2019, this Court ordered the Government to respond to the Motion, noting that Title 34, U.S.C. § 60541(g) should be consulted. On April 29, 2019, the Government filed a Motion for Additional Time to Respond to the Defendant's Motion. The basis for the Government's request was due to the fact that on April 15, 2019, the Defendant made a request

with the Warden at Federal Medical Center (FMC) Lexington to be placed in the Elderly Offender Home Confinement Program. As of the date of this filing, although government personnel at FMC Lexington have made a positive referral recommending to the Bureau of Prisons (BOP) that the Defendant is eligible for the placement into the Home Confinement Program, the referral has not yet been processed. Therefore, the Government responds below.

**II.** **The Government is Not Opposed to the Court Granting the Defendant's Motion on the Basis that The Defendant is an Eligible Elderly Offender under Section 603(a) of the FSA and Title 34, U.S.C. § 60541.**

A. <u>LAW</u>:

Section 603(a) of the FSA reauthorized and modified the Elderly Offender Home Confinement Program conducted under the Second Chance Act, 34 U.S.C. § 60541. Under Section 603(a), the Bureau of Prisons may release some or all eligible elderly offenders from Bureau facilities to home detention, upon written request from the eligible elderly offender. An eligible elderly offender means an offender in the custody of the Bureau, who:

1) is not less than 60 years of age;
2) is serving a term of imprisonment that is not life imprisonment, based on a conviction for an offense or offenses that do not include any crime of violence, sex offense, or terrorism offense, and has served 2/3 of the term of his/her imprisonment;
3) has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in criteria 2 listed above;
4) has not been determined by the Bureau to have a history of violence or engaging in conducted described in criteria 2 listed above;
5) has not escaped, or attempted to escape from the BOP facility;
6) will reduce BOP costs through a release to home detention; and
7) has not been determined to be at substantial risk of engaging in criminal conduct or endangering any person or the public if released to home detention.

B. <u>ARGUMENT</u>:

The Government responds in accordance with each of the individual criteria noted above in the definition of an eligible elderly offender.

1. The Defendant is 63 years old. He meets the age requirement for program.

2. His underlying conviction is not an enumerated prohibited offense under the second criteria noted above. He was originally sentenced to 290 months on December 13, 2005. However, on August 15, 2018, pursuant to a Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2), his sentenced was reduced to 210 months. His current projected date of release from BOP custody is April 1, 2020. He has therefore served over 2/3s of his term of imprisonment.

3. The Defendant has not been previously convicted of a crime of violence, sex offense, or other offense enumerated under the second criteria above.

4. The Defendant does not have a history of engaging in criminal conducted related to a crime of violence, sex offense, or other offense enumerated under the second criteria above.

5. There is no evidence that the Defendant has attempted to escape a BOP facility.

6. It is true that the Defendant's release to home confinement would alleviate BOP costs.

7. There is no information known to BOP or the Government that the Defendant is at risk of engaging in further criminal conduct, or that he is a risk to the public or another person.

Given a review of these facts and the Defendant's history, personnel at FMC Lexington have determined that the Defendant is an eligible elderly offender, and have made a positive referral to the BOP that the Defendant should be placed into the Home Confinement Program.

C. CONCLUSION:

Based on these same facts and the criteria noted above, the Government is not opposed to this Court granting the Defendant's motion, as he is an eligible elderly offender, who meets the

criteria for placement into the Elderly Home Confinement Program.

Respectfully submitted,

Ryan K. Patrick
United States Attorney

/s/ Christopher A. dos Santos
CHRISTOPHER A. DOS SANTOS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Government's Response to the Defendant's Request for Relief Based on the Elderly and Family Reunification for Certain Nonviolent Offenders Pilot Program as Amended by the First Step Act has been mailed to the Defendant on this date, May 23, 2019, at the following address:

Conrado Cantu #51689-179
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

/s/ Christopher A. dos Santos
CHRISTOPHER A. DOS SANTOS
Assistant United States Attorney