UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. 1:05-cr-458-1 |
| | § | |
| **CONRADO CANTU** | § | |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S REQUEST FOR RELIEF BASED ON THE ELDERLY AND FAMILY REUNIFICATION FOR CERTAIN NONVIOLENT OFFENDERS PILOT PROGRAM AS AMENDED BY THE FIRST STEP ACT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through its United States Attorney for the Southern District of Texas, and the undersigned Assistant U.S. Attorney, and respectfully responds to the Defendant's Request for Relief Based on the Elderly and Family Reunification for Certain Nonviolent Offenders Pilot Program as Amended by the First Step Act.

## I. Procedural History

On March 29, 2019, the Defendant filed a motion under 18 U.S.C. 3582(c)(1)(A) requesting relief based on the Elderly and Family Reunification for Certain Nonviolent Offenders Pilot Program, as amended by the First Step Act (FSA). (Dkt. No. 314). Specifically, although he characterized in his motion that he was seeking a Reduction in Sentence (RIS), a document attached to the Defendant's Motion indicated that he actually appeared to be seeking placement into the Elderly Home Confinement Program. (Dkt. No. 314 at Page 2).

On April 11, 2019, this Court ordered the Government to respond to the Motion, noting that Title 34, U.S.C. § 60541(g) should be consulted. On April 29, 2019, the Government filed a Motion for Additional Time to Respond to the Defendant's Motion. The basis for the

Government's request was due to the fact that on April 15, 2019, the Defendant made a request with the Warden at Federal Medical Center (FMC) Lexington to be placed in the Elderly Offender Home Confinement Program. On May 23, 2019, the undersigned AUSA reported to this Court that although government personnel at FMC Lexington had made a positive referral recommending to the Bureau of Prisons (BOP) that the Defendant was eligible for the placement into the Home Confinement Program, the referral had not yet been processed. On May 28, 2019, the undersigned AUSA was informed by FMC Lexington personnel that BOP personnel in San Antonio, Texas disqualified the Defendant from the Elderly Offender Home Confinement Program due to his involvement in a fight in a BOP facility in 2011.

**II.    The Government is Still Not Opposed to the Court Granting the Defendant's Motion on the Basis that The Defendant is an Eligible Elderly Offender under Section 603(a) of the FSA and Title 34, U.S.C. § 60541.**

On May 28, 2019, the Government was informed that BOP personnel disqualified the Defendant from the Elderly Offender Home Confinement Program because he failed to meet the fourth criteria under Section 603(a) of the First Step Act.[1] Specifically, the fourth criteria is that the Defendant could hot have been determined by the BOP to have a history of violence. In speaking with FMC Lexington personnel, the BOP does not distinguish lesser acts of violence from severe acts of violence. Any reported act of violence, whether it occurred prior to confinement, or during confinement can serve as the basis for a documented history of violence.

According to BOP records, on April 13, 2011, at Federal Correctional Institution, Big Spring, the Defendant was sanctioned for fighting with another person on March 16, 2011.

---

[1] Although the Defendant was disqualified from the program due to BOP review, a Court order that the Defendant is an eligible elderly offender who qualifies for the program would cause BOP to release the Defendant under the program.

Specifically, an inmate was attempting to save seats for other inmates in the TV room at the facility. The Defendant, without invitation, sat in one of those seats. This angered the inmate, who then began to swing his fists towards the Defendant. The Defendant grabbed the inmate and held him in a headlock. Staff then responded. The Defendant never swung his fists at the inmate. Ultimately, the Defendant was sanctioned for fighting, and was cooperative through the disciplinary process. As punishment, the Defendant was placed in disciplinary segregation for 14 days, disallowed 27 days of Good Conduct Time, given 60 days of commissary restriction, and 60 days of visiting restriction.

Despite this incident, it is still the Government's position that the Defendant does not have such a history of violence as to disqualify him from the Elderly Offender Home Confinement Program. The incident in question is eight (8) years old. Additionally, the Defendant did not instigate the violence conduct. Given that the Defendant had no violent criminal history during his prior 50 years of life before incarceration, and that the Defendant served the next 14 years incarcerated with only one minor fighting incident on his BOP file, it is the Government's position that he is still an eligible elderly offender.

Respectfully submitted,

Ryan K. Patrick
United States Attorney


/s/ Christopher A. dos Santos
CHRISTOPHER A. DOS SANTOS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Government's Supplemental Response to the Defendant's Request for Relief Based on the Elderly and Family Reunification for Certain Nonviolent Offenders Pilot Program as Amended by the First Step Act has been mailed to the Defendant on this date, May 29, 2019, at the following address:

Conrado Cantu #51689-179
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

/s/ Christopher A. dos Santos
CHRISTOPHER A. DOS SANTOS
Assistant United States Attorney